Filed 3/27/14  Blake v. Parker CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KRISTIN BLAKE, | B244863 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. SC069583 c/w SC073562) |
| v. | |
| TIMOTHY PARKER et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa Hart Cole, Judge.  Affirmed.

Timothy Parker, in pro. per., and Kerry Parker, in pro per., for Defendants and Appellants.

Kristin Blake, in pro. per., for Plaintiff and Respondent.

_____

This is the third appeal (plus one writ proceeding) in a dispute between neighboring property owners concerning certain easements. We again affirm.

BACKGROUND

In the most recent appeal in this matter, we summarized the course of proceedings as follows: "Kristin Blake sued Timothy and Kerry Parker concerning the easements, which run across the Parkers' property. The Parkers cross-complained against their real estate brokers and the previous owners of their property. The parties' claims were tried to the court, which issued a statement of decision and entered a final judgment. Blake appealed, but the Parkers did not. On appeal, Blake did not challenge the trial court's specification of the location of any of the easements. Rather, she raised the following four issues: (1) She argued that the trial court erred by determining that one of the easements (the 'Wallner easement') had a variable width of no more than 20 feet, when the relevant deed stated that the easement is 20 feet wide. (2) She argued that the trial court erred by not requiring the Parkers to remove various items that impinge on the Wallner easement or impede Blake's use of the easements. (3) She argued that the trial court erred by permitting the Parkers to maintain gates on the Wallner easement. And (4) she argued that the trial court erred by refusing to award general damages. We agreed with Blake's first three arguments but rejected the fourth. We accordingly reversed in part and directed the trial court to modify the judgment consistent with our opinion. In all other respects, we affirmed the judgment. (See generally *Blake v. Parker* (July 28, 2009, B202363) [nonpub. opn.].)

"On remand, Blake filed a peremptory challenge against the trial judge pursuant to Code of Civil Procedure section 170.6. The challenge was accepted, and the matter was assigned for all purposes to a new judge.

"Blake submitted a proposed modified judgment for entry by the court. The Parkers filed objections to Blake's proposed modified judgment. The Parkers' central contention was that '[t]he Parkers won the appeal and their position has been vindicated,'

2

and that pursuant to our previous opinion '[t]he case has been remanded to re-position the [Wallner] easement' to a different location.

"The court sustained some of the Parkers' objections, overruled the remainder, vacated the previous judgment, and entered a modified judgment. The court rejected the Parkers' contention that one of the court's tasks on remand was to reposition the Wallner easement, concluding that our previous opinion 'specifically does not relocate the Wallner easement nor does it instruct the trial court to do so.' The court further observed, '[T]he location of the easement was apparently not an issue raised in Blake's appeal, nor was there any other related appeal that raised that issue. This court is not aware of any authority that would allow it to reopen the case and change [the previous trial judge's] rulings on issues that were not reversed by the [a]ppellate decision. Similarly, if this court were to unilaterally reopen the case to take evidence on the location of the easement, as urged by the Parkers, this court would be exceeding the scope of the instructions issued by the [a]ppellate [c]ourt.'" (*Blake v. Parker* (March 29, 2012, B225915) [nonpub. opn.].)

The Parkers timely appealed from the modified judgment, and we affirmed. We found no merit in the Parkers' argument that "the trial court erred by not conducting an evidentiary hearing to determine the location of the Wallner easement," because the location of the Wallner easement was specified in the original judgment and was not challenged by any party on the original appeal, so relocating the Wallner easement was not within the scope of the trial court's authority on remand. (*Blake v. Parker* (March 29, 2012, B225915) [nonpub. opn.].) We also noted that the legal description of the location of one of the easements (the "Flare easement") in the modified judgment appeared to differ from the legal description of that easement in the original judgment, and that the trial court had the power to correct such a clerical error at any time, either on motion of a party or on the court's own motion. (*Ibid.*)

While that appeal was pending, Blake sought to have the Parkers held in contempt for obstructing certain easements in various ways. The trial court initially found the Parkers in contempt but later, in the wake of our opinion in the second appeal, annulled

3

that finding and dismissed the contempt charges because they were based in large part on the modified judgment's erroneous description of the Flare easement.

The following month, the trial court entered an order directing Blake's counsel to submit "an [a]mended [m]odified [j]udgment that replaces the legal description of the 'Flare Easement' described in this court's [m]odified [j]udgment with the legal description in the trial court's original [j]udgment." The court also directed counsel "to meet and confer regarding the location of all easements," directed the parties to retain a surveyor to plot all of the easements and obstructions (and, insofar as the parties continued to disagree about the locations of any easements, to plot all parties' versions on a single map), and to notify the court once the map was prepared, in order to schedule a settlement conference. The record contains no evidence that any part of that process—meet and confer, retain the surveyor to prepare a map, notify the court, and hold a settlement conference—took place. According to the Parkers, it did not. Blake did, however, submit a proposed amended modified judgment, as directed by the trial court. The Parkers filed objections, some of which the court sustained. On August 8, 2012, the court vacated the previous modified judgment and entered an amended modified judgment. The Parkers timely appealed.

DISCUSSION

On appeal, the Parkers continue to argue that the amended modified judgment's specification of the Wallner easement is incorrect, and they contend that "only by evidentiary hearing, after remand to the trial court," can the matter be "resolved once and for all." We disagree. The location of the Wallner easement was determined in the original judgment, which provided a metes-and-bounds description of the easement's center line. Blake did not challenge the specification of that center line on appeal, and the Parkers did not appeal at all. As we stated in the most recent appeal in this matter, "because the Parkers could have challenged that specification by appealing from the original judgment but chose not to, they cannot challenge that specification now." (*Blake v. Parker* (March 29, 2012, B225915) [nonpub. opn.].)

4

We do note, however, that the amended modified judgment still differs from the original judgment in ways not authorized (and hence not permitted) by our opinion in the first appeal. For example, the original judgment described an easement known as the "Carlotta Eaton Residence Location," which was "a variable width easement, approximately 12' wide." (Block capitals omitted.) Both the modified judgment and the amended modified judgment describe the Carlotta Eaton Residence Location as "a 20' wide . . . easement." (Block capitals omitted.) No opinion in any appeal in this matter has directed or permitted any modification of the original judgment's description of that easement. Once again, such unauthorized deviations from the original judgment constitute clerical errors, which the trial court may correct at any time either sua sponte or on motion of a party. Should the court endeavor to make such corrections on remand, perhaps the most prudent course would be to prepare a new judgment by interlineation of a copy of the original judgment, so as to be certain that only authorized changes are made.[1]

---

[1] We note that, in keeping with the determination that the Wallner easement was of variable width, the original judgment's description of the Wallner easement stated that "the sidelines of the said easements are to be shortened or prolongated as to terminate at the northerly and easterly lines of said Parker property." That language has been carried over in each subsequent version of the judgment. In view of our holding in the first appeal that the Wallner easement is 20 feet wide, however, no such language is necessary or appropriate. Rather, the Wallner easement (which is located entirely on the Parker property) extends for 10 feet on either side of the center line specified in the original judgment. Again, this is a clerical error that the trial court may correct at any time.

We also note that we have not attempted to provide an exhaustive list of the clerical errors in the modified and amended modified judgments.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs of appeal.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, Acting P. J.

We concur:



        CHANEY, J.                JOHNSON, J.

6